# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-00837-PHX-DGC |
| Plaintiff, | FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY AND ORDER |
| vs. | |
| Walter Roy Young, | |
| Defendant. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before United States Magistrate Judge Steven P. Logan on April 8, 2013, with the written consents of Defendant, counsel for Defendant, and counsel for the United States of America.

The hearing on Defendant's plea of guilty was in full compliance with Rule 11 of the Federal Rules of Criminal Procedure, before the undersigned Magistrate Judge in open court and on the record. In consideration of that hearing and the statements made by Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

**I FIND** as follows:

(1) that Defendant understands the nature of the charge to which Defendant pleads and the elements of the offense(s) to which Defendant is pleading guilty;

(2) that Defendant understands the right to trial by jury, to persist in a plea of not

guilty, to the assistance of counsel, and appointed counsel if necessary at trial and at every other stage of the proceeding, to confront and cross-examine adverse witnesses, the right against compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(3) that Defendant understands any maximum possible penalty for the offense to which Defendant is pleading guilty, including imprisonment, fine and supervised release, and where applicable, any mandatory minimum penalty; that Defendant understands the effect of the supervised release term; that Defendant understands the Court's authority to order restitution and its obligation to impose a special assessment and any applicable forfeiture;

(4) that Defendant understands the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); that Defendant understands that the sentencing guidelines are advisory, not mandatory, and that the Court may sentence outside those guidelines;

(5) that Defendant understands that answers given by Defendant may later be used in a prosecution for perjury or false statement;

(6) that Defendant understands that by pleading guilty Defendant is waiving the right to a jury trial;

(7) that Defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence, and has knowingly, intelligently and voluntarily waived those rights;

(8) that the plea of guilty by Defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(9) that Defendant is competent to plead guilty;

(10) that Defendant is satisfied with the representation provided by defense counsel; and

(11) that there is a factual basis for Defendant's plea.

**I RECOMMEND** that the Court accept Defendant's plea of Guilty to Count One of the Indictment.

**ORDER**

**IT IS ORDERED** that any objection to the guilty plea proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned District Judge.

**IT IS FURTHER ORDERED** that any letters, documents, or other matters Defendant would like the sentencing judge to consider before sentencing (including the English translation of any writings not in English) must be submitted by defense counsel in paper form with the original to the U. S. Probation Office and copies to the sentencing judge and opposing counsel at least five (5) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not considered. No more than ten (10) character letters shall be submitted by defense counsel, unless otherwise ordered by the court. Character letters shall not be mailed directly to the sentencing judge by any family members or other persons writing in support of the defendant. Character letters or a notice of such shall not be filed electronically unless otherwise ordered by the court.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures or any sentencing memoranda must be filed at least seven (7) business days prior to the sentencing date. Responses are due three (3) business days prior to the sentencing date. Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity. Motions to continue sentencing filed less than fourteen (14) days before sentencing are disfavored.

Dated this 8th day of April, 2013.

Honorable Steven P. Logan
United States Magistrate Judge